IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| JOSHUA MELES, | * |
| Plaintiff, | * |
| v. | * Civ. No. MJM-14-2461 |
| CITY OF BALTIMORE, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \*

**ORDER**

Plaintiff moves pro se to seal this civil action in its entirety. ECF No. 14. He contends that public access to information about this case adversely affects employment in his field. *Id.* The Court must deny this motion.

Courts are public-facing institutions, and court filings are presumptively subject to the public's right of access. The public right of access to court documents is derived from two sources: the First Amendment to the United States Constitution and the common law. The right of access provided by the First Amendment applies to, *inter alia*, documents "made part of a dispositive motion[.]" *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004). Public access to such documents "may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (citing *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). Additionally, the common law provides a "presumption in favor of access" to "all judicial records and documents[.]" *Id.* (quoting *Nixon v. Warner Communications,*

1

*Inc.*, 435 U.S. 589, 597 (1978)) (cleaned up). "This presumption of access, however, can be rebutted if countervailing interests heavily outweigh the public interests in access." *Rushford*, 846 F.2d at 253. As part of this analysis, the court must "consider alternatives to sealing the documents" at issue. *In re Knight Publ'g Co.* 743 F.2d 231, 235 (4th Cir. 1984). "[A]t the core of the interests protected by the right of access" is "the citizen's desire to keep a watchful eye on the workings of public agencies and the operation of the government." *Doe v. Pub. Citizen*, 749 F.3d 246, 271 (4th Cir. 2014) (quoting *Nixon,* 435 U.S. at 598) (cleaned up). Among the public's interests in access to court records is the public's ability "to monitor the functions of the courts" and "to understand the judicial process itself and the bases or explanations for a court's decision." *Hisp. Nat'l L. Enf't Ass'n NCR v. Prince George's Cnty.*, Civ. No. TDC-18-3821, 2021 WL 488641, at *4 (D. Md. Feb. 10, 2021) (quoting *Doe*, 749 F.3d at 271, and *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016), respectively) (cleaned up). The Court does not find that Plaintiff's interests in limiting potential employers' access to information about this case outweighs the public's right to access to court filings.

    Redaction of Plaintiff's name is not a viable alternative to sealing. "[T]he general presumption of openness of judicial proceedings applies to party anonymity as a limited form of closure[.]" *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). Still, "privacy or confidentiality concerns are sometimes sufficiently critical that parties or witnesses should be allowed [the] rare dispensation" of proceeding anonymously. *Id.* "[T]here is no legal right in parties either to be allowed anonymity or to avoid it[.]" *Id.* at 242. Thus, "under appropriate circumstances anonymity may, as a matter of discretion, be permitted." *Id.* at 238. The Fourth Circuit has identified several factors for trial courts to consider, including:

> whether the justification asserted by the requesting party is merely
> to avoid the annoyance and criticism that may attend any litigation

> or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; the ages of the persons whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* at 238 (citing cases). The Court does not find that the instant case involves sufficiently critical privacy and confidentiality concerns to justify permitting Plaintiff the "rare dispensation" of sealing his name. It appears that he seeks only to avoid the scrutiny that commonly attends any litigation.

For the foregoing reasons, it is this 22nd day of December, 2025, by the United States District Court for the District of Maryland, hereby ORDERED that Plaintiff's pro se motion to seal is DENIED. The Clerk shall send a copy of this Order to Plaintiff at the address he has provided.

/s/
Matthew J. Maddox
United States District Judge

3